FILED
October 31, 2011
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0003870593

1 (7)
2 Diane V. Weifenbach, Esq. (SBN 162053)
LAW OFFICES OF DIANE WEIFENBACH
3 5120 E. LaPalma, Suite 206
Anaheim, CA 92807
4 Phone: (714) 695-6637
Email: diane@attylsi.com
5
6 Attorney for Creditor Wells Fargo Bank,
as Successor by Merger
7
8
9                   UNITED STATES BANKRUPTCY COURT
10            EASTERN DISTRICT OF CALIFORNIA (SACRAMENTO)
11
12 In re:                                    CASE NO: 11-44476

13 KEENAN J. HOWARD,                 CHAPTER 11

14                                            MOTION IN INDIVIDUAL CASE FOR
              Debtor-In-Possession,       ORDER CONFIRMING THAT NO STAY IS
15                                            IN EFFECT UNDER 11 U.S. C. SECTION
                                           362(c)(4)(A)(i) and (ii), OR IN THE
16                                            ALTERNATIVE FOR RELIEF FROM STAY;
                                           MEMORANDUM OF POINTS &
17                                            AUTHORITIES IN SUPPORT THEREOF

18                                            Date: 11/14/2011
                                           Time: 10:00 am
19                                            Ctrm: 28
                                            U.S. Bankruptcy Court
20                                             501 "I" Street, 7th Floor
                                            Sacramento, CA
21
22
23 TO THE HONORABLE MICHAEL MC MANUS, UNITED STATES BANKRUPTCY

24 JUDGE, DEBTOR-IN-POSSESSION AND DEBTOR'S COUNSEL

25         COMES NOW, WELLS FARGO BANK, NA as Successor by Merger to WACHOVIA

26 MORTGAGE, FSB, as Successor by Merger to WORLD SAVINGS BANK, FSB, a secured

27 creditor, ("Movant") and submits the following Motion and Memorandum of Points and Authorities

28

1

in support of its request for an Order confirming that there is no automatic stay in effect in this case and for dismissal of this case.

## I. STATEMENT OF FACTS

1. On October 13, 2011 Debtor herein filed a Voluntary Petition under Chapter 11 of the Bankruptcy Code.

2. On or about March 23, 2004, Debtor and Andrea M. Ignacio Howard, Gilbert V. Espinoza and Colleen Espinoza, Nicole Donn and Raymond J. Smith (collectively "Trustors") executed and delivered to WORLD SAVINGS BANK (predecessor in interest to Movant) a Note in the original principal sum of $1,000,000.00 made payable to WORLD SAVINGS.

3. The Note is secured by a Deed of Trust, Assignment of Leases and Rents, Security Agreement and Fixture filing of even date recorded on March 28, 2004 as document No. 2004-0102419-00 in the Office of the County Recorder of Contra Costa County.

4. The Deed of Trust encumbers property of the estate located at 1233 S. 56th Street, Richmond, California which is a 10-unit apartment building (the "Property").

5. In approximately May 2006 WACHOVIA MORTGAGE FSB succeeded to all right, title and interest in the Note by virtue of a merger with WORLD SAVINGS. Thereafter, in approximately January 2009 WELLS FARGO BANK succeeded to all right, title and interest in the Note and Deed of Trust by virtue of a merger between WACHOVIA MORTGAGE and WELLS FARGO.

6. Debtor and the Trustors defaulted on their obligations under the Note and Deed of Trust and on June 13, 2011 Movant caused to be recorded a Notice of Default. The amount of the default as of May 31, 2011 was no less than $190,239.30

7. Debtor did not cure the default under the loan documents and a Notice of Sale was recorded on September 21, 2011 scheduling a foreclosure sale for October 18, 2011. The foreclosure sale is currently scheduled for November 18, 2011.

8. This is the fourth (4th) Bankruptcy case, including this case, filed by Debtor within the last year. Debtor has filed the following Bankruptcy cases.

|   |   |   |   |
|---|---|---|---|
| 1 | | a. | No. 1: Case No. 10-47245 filed 10/13/2010 |
| 2 | | b. | No. 2: Case No. 11-39943 filed 8/6/2011 |
| 3 | | c. | No. 3: Case No. 11-42465 filed 9/16/2011 |
| 4 | | d. | No. 4: Pending case filed 10/13/2011 |

9. Debtor received a discharge in his Chapter 7 Bankruptcy case, and the two (2) prior Chapter 13 cases were dismissed. Case No. 2 (Chapter 13) was dismissed due to the Debtor's failure to file the required documents. Case No. 3 was dismissed upon the Debtor's request.

10. In Case Nos. 2 and 3 Debtor did not file the required documents. (*See, Request for Judicial Notice*)

11. The delinquencies due and owing Movant pursuant to its Note are currently no less than $153,725.00 and the total amount due and owing Movant pursuant to the Note is no less than $1,069,148.00 (See *Declaration of David Kelly ("Kelly Decl.")*)

## II. MEMORANDUM OF POINTS & AUTHORITIES

### A. There is No Automatic Stay in Effect in This Chapter 11 Case

11 U.S.C. Section 362(c) (4)(A)(i) provides that "if a single or joint case is filed by or against a debtor who is an individual under this title, and if 2 or more single or joint cases of the debtor were pending within the previous year but were dismissed, other than a case refiled under section 707(b), the stay under section (a) shall not go into effect upon the later case; and (ii) on request of a party in interest, the court shall promptly enter an order confirming that no stay is in effect."

Movant has set forth the serial Bankruptcy filings by this individual debtor and has attached to its Request for Judicial Notice evidence that those cases were pending within the previous year and were dismissed. None of the cases were refiled under Section 707(b).

Further, on request of a party in interest, 11 U.S.C. Section 362(j) requires the issuance of an order under subsection (c) confirming that the automatic stay has been terminated. As a party in interest, Movant requests that the court issue an Order pursuant to 11 U.S.C. Section 362(c)(4) and (j) confirming that there is no automatic stay in effect with respect to the Debtor or property of the

3

1 estate and that Movant is authorized to exercise its right sunder its Note and Deed of Trust, including

2 the right to foreclose on the Property.

   B.  **In the Alternative, Relief from Stay is Appropriate Pursuant to 11 U.S.C. Section 362(d)(1)**

  If the Court should find that there is an automatic stay in effect, Movant requests that the court terminate the automatic stay as to Movant for "cause" pursuant to Section 362(d)(1). What constitutes "cause" to terminate the stay is determined on a case by case basis. (*Delaney-Morin v. Day (In re Delaney-Morin)*, 304 BR 365, 369 (9th Cir. BAP 2003)(citing *MacDonald v. MacDonald (In re MacDonald)* 755 F.2d 715, 717 (9th Cir. 1985)  Section 362(g) provides that the party opposing relief from the stay has the burden of proof on all issues other than the debtor's equity in a property.

  Cause exists for relief from the automatic stay because this bankruptcy case is the Debtor's fourth consecutive case in a one (1) year period and Debtor's Bankruptcy Schedules reveal that the Debtor has no ability to reorganize or fund a Chapter 11 Plan. Debtor received a Chapter 7 discharge and then subsequently filed two (2) Chapter 13 cases. The first Chapter 13 case was dismissed due to Debtor's failure to file the required Bankruptcy documents. Debtor's second Chapter 13 case was dismissed upon Debtor's request. Debtor also failed to file all necessary documents in his second Chapter 13 case. None of the cases heretofore filed by the Debtor have evidenced Debtor's ability to make adequate protection or Plan payments to Movant or payments to any other secured creditor. Debtor previously received a Chapter 7 discharge, and the creditors in this case are either secured creditors or priority tax creditors.

  The Schedules filed by the Debtor in this case, executed under penalty of perjury, establish cause for relief from stay as they are riddled with misrepresentations and non-disclosures as follows:

  1. As stated above and as evidenced by the Grant Deed attached to Movant's Request for Judicial Notice, Debtor is the holder of a 12.5% interest in the Property, and has five (5) co-owners/co-obligors. However, Debtor's Schedule "G" reveals that Debtor

has no co-debtors, which is an intentional misrepresentation. (*See Ex. 2 to Decl. of Dave Kelly ("Kelly Decl.")*.

2. Debtor's Calculation of Monthly Income and Schedule "I" reveal that Debtor's monthly income is $5982.78, he pays no State or Federal taxes or other deductions, and he receives no monies from the operation of his business (i.e. apparently no income from the operation of the 10 unit apartment building). Movant has received communications from the Debtor's consulting agent that the Property generates at least $11,600 in monthly income. (*Kelly Decl.*

3. Pursuant to his Schedule "J" Debtor's monthly expenses, without any deduction for the two mortgage payments due on his principal residence or any other mortgage payments due (as is set forth more fully below) is $3,511.01, leaving only $2471.77 in net income. The Debtor has been a real estate broker for in excess of 14 years.

4. Debtor's Schedule "A" filed in this within case reveals that Debtor is a joint owner in a vacation property in Lake Tahoe, holding a 12.5% interest valued at $0. Debtor's prior Schedule "A" filed in Case No. 2 (11-39943) indicates the value of the property is $400,000. Debtor's Schedule "A" reveals an interest in vacant land located in Vallejo, California. Said property was not disclosed in Debtor's Schedule "A" filed in Case No. 2.

5. Debtor's Schedule "G" lists no executory contracts or unexpired leases, although the Property is believed to occupied by at least 10 tenants who would necessarily be parties to an unexpired lease or executory contract.

6. Debtor's Schedule "H" lists no co-debtors. The Note and Deed of Trust reveal that there are no less than 5 co-debtors on Movant's obligation.

7. Debtor's Schedule "J" lists no monthly obligation due and owing Movant on account of its Note, nor does it include the following obligations: (1) Debtor's Schedule "D" reveals that there are two liens encumbering Debtor's principal residence, a $290,000 lien in favor of CitiMortgage and a $250,000 lien in favor of 1st United Services

Credit Union; (2) a $250,000 lien encumbering Debtor's vacant lot in Vallejo, California; (3) a junior Deed of Trust encumbering the Property encumbered by Movant's loan in favor of United Labor Bank in the sum of $185,000. Debtor does not include **any** of these mortgage payments in his monthly expenses.

8. Debtor's Statement of Financial Affairs reveals that Debtor has, to date, made $47,862.20 in income from employment and no other monies in the last two (2) years from employment or operation of business.

Debtor's Bankruptcy Schedules do not give an accurate or truthful representation of his assets, liabilities, income or expenses. Neither this Court, the US Trustee or the creditors have been presented with reliable information in order to assess the Debtor's financial position in this case. What has been presented by the Debtor supports one conclusion, that the Debtor does not have the intention or ability to fund or propose a Plan of reorganization.

It is clear what Debtor's intent is, which is to prevent Movant from foreclosing on the Property. The Debtor, by his own admissions, has no ability to propose or confirm a Plan of Reorganization which would provide for payment of the secured debt as outlined above. Debtor has intentionally failed to disclose the monthly debt service on these numerous obligations which would evidence Debtor's inability to meet those obligations. This epic display of disregard for Debtor's fiduciary obligations under the Bankruptcy Code, his execution of the Bankruptcy documents under penalty of perjury with information which is clearly erroneous or completing lacking (all under the supervision and guidance of Bankruptcy counsel) has resulted in the unwarranted and unnecessary use of valid judicial resources by this Court, the Office of the United States Trustee, the previous Chapter 13 Trustees assigned to Debtor's Bankruptcy cases and Movant, which continues to incur substantial attorney's and foreclosure fees and costs responding to this Debtor's tactics. .

1. **Movant's Interest In the Property Is Not Adequately Protected**

Cause exists to grant Movant's Motion for Relief because Movant's interest in the Property is not adequately protected. The monthly debt service to Movant is no less than $10,245.86. Pursuant to the recent representations made on behalf of Debtor, the Property generates rental

income of $11,155.50 (with 100% occupancy) and operating expenses of $4,537.50, leaving monthly income of only $6618.00. This amount does NOT include the monthly debt service due Movant **or** the junior lienholder. In addition, in November 2011 and March 2012 the first and second installments of property taxes will become due and payable for 2011-2012. Movant is informed and believes that each installment is no less than $10,551.13, for a total of $21,102.26. According to Debtor's own representations there is no money available to make these payments.

Furthermore, Debtor has not made any cash collateral payments to Movant, nor has Movant received any representations from Debtor that Movant's cash collateral has been segregated into a separate DIP account. Movant's interest in the Property is not adequately protected and cause exists to terminate the automatic stay, should the Court find that an automatic stay is in effect.

### III. CONCLUSION

The foregoing establishes that there is no automatic stay which has been imposed in this fourth consecutive Bankruptcy filing and Movant is entitled to the entry of an Order confirming that no stay is in effect. Alternatively, if the Court finds that there is an automatic stay in effect, good cause exists to grant Movant relief from the stay.

WHEREFORE, Movant prays that the Court enter its Order:

1. Confirming that there is no automatic stay in this case pursuant to 11 U.S.C. Section 362(c)(4);

2. In the alternative, that the Court immediately terminate the automatic stay as to Movant and waive the 14 day stay period if the Court deems the stay in effect;

3. For attorney's fees and costs;

4. For such other and further relief as the Court deems just and proper.

DATED: October 28, 2011                    **LAW OFFICES OF DIANE WEIFENBACH**

By: /s/ Diane Weifenbach, (SBN 162053)
DIANE WEIFENBACH, ESQ.
Attorney for WELLS FARGO BANK, As Successor by merger with WACHOVIA MORTGAGE, as Successor by merger with WORLD SAVINGS

7